IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HASSAN CROSS,                                  3:16-CV-00018-BR

       Plaintiff,                          OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

       Defendant.


**GEORGE J. WALL**
1336 E. Burnside
Suite 130
Portland, OR 97214
(503) 236-0068

       Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2495

       Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Hassan Cross seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

      Plaintiff filed an application for SSI on July 5, 2011, and alleged a disability onset date of July 2, 2004.  Tr. 187.[1]  His application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on March 31, 2014.  Tr. 36.  At the hearing Plaintiff and a vocational expert (VE)

---

     [1] Citations to the official transcript of record filed by the Commissioner on May 12, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

testified.  Plaintiff was represented by an attorney.  On
April 24, 2014, the ALJ issued an opinion in which he found
Plaintiff is not disabled and, therefore, is not entitled to
benefits.  Tr. 16.  On November 4, 2015, that decision became the
final decision of the Commissioner when the Appeals Council
denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v.
Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on October 28, 1979, and was 34 years old
at the time of the hearing.  Tr. 189.  Plaintiff graduated from
high school.  Tr. 43.  Plaintiff does not have any past relevant
work experience.  Tr. 29.

Plaintiff alleges disability due to cerebral palsy, a
personality disorder, and post-traumatic stress disorder (PTSD).
Tr. 229.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 22-26.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th

3 - OPINION AND ORDER

Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009).   The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.   *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).   Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.   *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.   *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.   *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).   *See also* 20 C.F.R. § 416.920.   Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.   20 C.F.R. § 416.920(b).   *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

impairment or combination of impairments.  20 C.F.R.
§ 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity.  20
C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.
The criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations.  20 C.F.R.
§ 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885
F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform

6 - OPINION AND ORDER

work he has done in the past.   20 C.F.R. § 416.920(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

     If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.   20 C.F.R. § 416.920(a)(4)(v).   *See also
Keyser*, 648 F.3d at 724.   Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.   *Lockwood v.
Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.   If the Commissioner meets this burden, the claimant
is not disabled.   20 C.F.R. § 416.920(g)(1).


                          **ALJ'S FINDINGS**

     At Step One the ALJ found Plaintiff has not engaged
in substantial gainful activity since his July 5, 2011,
application date.   Tr. 18.

     At Step Two the ALJ found Plaintiff has the severe
impairments of PTSD, vision loss, bipolar disorder, and substance
abuse in remission.   Tr. 18.   The ALJ found Plaintiff's
conditions of degenerative disc disease, HIV infection, and
cerebral palsy are not medically determinable impairments.

Tr. 19.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels.  The ALJ also found Plaintiff is limited to "simple, routine tasks" and "work that does not require fine visual acuity."  Tr. 20.

At Step Four the ALJ found Plaintiff does not have any past relevant work experience.  Tr. 24.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy.  Tr. 29. Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) did not find Plaintiff's migraine headaches to be a severe impairment at Step Two, (2) did not identify at Step Firve a substantial number of jobs in the national economy that Plaintiff could perform, and (3) failed to consider the effect of stress on Plaintiff's ability to work.

**I.    The ALJ did not err at Step Two.**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

As noted, Plaintiff asserts the ALJ erred at Step Two when he did not find Plaintiff's migraines to be a severe impairment. Plaintiff, however, did not allege migraines were a limiting condition in his application for benefits or in his disability reports nor did he testify at the hearing that he suffered from disabling migraines. The record reflects Plaintiff reported to the emergency room for headaches four times between April 2010 and July 2013, at which time Plaintiff was treated and discharged. Plaintiff did not seek follow-up treatment for migraines.

Tr. 332-33, 337-38, 551-51, 667-68.  Moreover, the record does not reflect any doctor diagnosed Plaintiff with migraine headaches or assessed Plaintiff with any functional limitations from migraine headaches.  Plaintiff, therefore, has not established the ALJ erred at Step Two when he did not find Plaintiff's migraine headaches to be a severe impairment.

In addition, the Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two.  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).  Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to find Plaintiff's migraine headaches to be a severe impairment is harmless.

## II.    The ALJ identified a significant number of jobs in the national economy that Plaintiff could perform.

Plaintiff contends the ALJ erred at Step Five when he found Plaintiff could perform jobs that exist in significant numbers in the national economy.  The ALJ found Plaintiff could perform three jobs:  janitor, auto detailer, and hand packager.

Plaintiff asserts and Defendant does not dispute that the job of janitor is inconsistent with the ALJ's evaluation of Plaintiff's RFC.  Plaintiff also asserts the jobs of auto

10 - OPINION AND ORDER

detailer and hand packager do not exist in sufficient numbers in
Oregon to satisfy the Commissioner's burden at Step Five.
Specifically, the jobs of auto detailer and hand packager have a
combined total of 680 jobs in Oregon.  The Social Security Act,
however, makes clear that at Step Five the requirement of work
that exists in the national economy can be satisfied by "work
which exists in significant numbers *either* in the region where
[an] individual lives *or* in several regions of the country."  42
U.S.C. § 1382(a)(3)(B) (emphasis added).  As the Ninth Circuit
explained in *Gutierrez v. Commissioner of Social Security*:

> Section 1382c(a)(3)(B) defines "work in the
> national economy" in the disjunctive. . . .  "The
> statute in question indicates that the
> 'significant number of jobs' can be either
> regional jobs (the region where a claimant
> resides) or in several regions of the country
> (national jobs) . . . .  If we find either of the
> two numbers significant, then we must uphold the
> ALJ's decision."

740 F.3d 519, 523-24 (9th Cir. 2014)(quoting *Beltran v. Astrue*,
700 F.3d 386, 389-90 (9th Cir. 2012)).

The record reflects the jobs of auto detailer and hand
packager have a combined total of 91,000 jobs nationally.  In
*Gutierrez* the Ninth Circuit found the ALJ did not err when he
concluded 25,000 national jobs constituted work that exists in
significant numbers in several regions of the country.  740 F.3d
at 528.  In other cases the Ninth Circuit has concluded numbers
fewer than 91,000 satisfy the standard.  *See, e.g., Moncada v.*

*Chater*, 60 F.3d 521, 524 (9th Cir. 1995)(64,000 jobs nationwide is significant).

On this record the Court concludes the ALJ did not err at Step Five when he found Plaintiff could perform jobs that exist in significant numbers in the national economy.

**III. The ALJ did not err when he did not consider the effect of stress on Plaintiff's ability to maintain employment.**

Plaintiff contends the ALJ erred when he failed to consider the effect of stress on Plaintiff's ability to maintain employment. Plaintiff, however, fails to point to evidence in the record showing how stress specifically limits his ability to maintain employment. Plaintiff relies on the reports of his mother, his sister, and himself that he sometimes "goes on rants" in response to stress and that he does not respond well to stress. Tr. 240, 271, 565. The ALJ, however, provided sufficient reasons supported by substantial evidence in the record for finding that Plaintiff was not entirely credible and for giving limited weight to the statements of his mother and sister. Plaintiff does not challenge those findings.

In addition, to the extent that Plaintiff asserts the ALJ should have evaluated his mental impairments under the standard set out in SSR 85-15, the Ninth Circuit has made clear that "SSR 85-15 provides guidance only for cases in which the claimant asserts 'solely nonexertional impairments.'" *Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir. 1995)(quoting SSR 85-15)). Here

12 - OPINION AND ORDER

Plaintiff asserted both exertional and nonexertional impairments, and, therefore, SSR 85-15 does not apply. *See, e.g., Gunderson v. Astrue*, 371 F. App'x 807, 809-10 (9th Cir. 2010)(SSR 85-15 did not apply when the claimant alleged exertional and nonexertional impairments); *Sandgathe v. Chater*, 108 F.3d 978, 980-81 (9th Cir. 1997)(same).

On this record the Court concludes the ALJ did not err when he did not consider the effect of stress on Plaintiff's ability to maintain employment.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 3rd day of November, 2016.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge